IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ARÇELIK, A.Ş., | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 15-961-LPS |
| E.I. DU PONT DE NEMOURS AND COMPANY, | : | |
| Defendant. | : | |

## MEMORANDUM ORDER

At Wilmington this **29th** day of **September, 2016**, having reviewed the parties' briefing (D.I. 7, 10, 13) and related filings regarding E.I. du Pont de Nemours and Company's ("DuPont" or "Defendant") Motion to Dismiss Arçelik, A.Ş.'s ("Arcelik" or "Plaintiff") Complaint ("Motion") (D.I. 6), and having heard oral argument, **IT IS HEREBY ORDERED** that, for the reasons stated below:

1.     Defendant's Motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is **GRANTED**, specifically:

A.     "Claim Three" in Plaintiff's complaint (D.I. 1) for Breach of Implied Warranty (Del. Code Ann. tit. 6, § 2-318) (D.I. 1 ¶¶ 80-88) is **DISMISSED WITH PREJUDICE**.

B.     The remaining claims in Plaintiff's complaint are **DISMISSED WITHOUT PREJUDICE**.  With respect to these remaining claims, Plaintiff may, no later than **October 21, 2016**, file an amended complaint asserting only these remaining claims, with greater

particularity, so as to address the deficiencies identified in this Order.

            C.     Should Plaintiff timely file an amended complaint consistent with this Order, the parties shall, no later than **October 31, 2016**, submit a proposed schedule to permit limited initial discovery, solely with respect to:

            i.     the agency relationship, if any, between Defendant and Defendant's foreign subsidiaries, E.I. DuPont China Holding Co. Ltd. ("DuPont China") and E.I. Du Pont India Private Ltd. ("DuPont India"); and

            ii.     whether any parties that have not been joined to this action are "necessary and indispensable" under Federal Rule of Civil Procedure 19.

            2.     Defendant's Motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(7) is **DENIED WITHOUT PREJUDICE** to renew after the conclusion of the limited discovery described above.

## I.     BACKGROUND

Plaintiff sued Defendant on October 22, 2015, alleging that certain batches of Defendant's "Zytel" product, "a plastic resin" incorporated into capacitors used by Plaintiff in the manufacture of "electric tumble dryers," were defective, causing Plaintiff's dryers to catch fire and "subjecting Arcelik to significant remediation expenses." (D.I. 1 ¶¶ 2-3, 17)  A third-party German entity, Epcos AG, incorporated the purportedly bad batches of Zytel into the capacitors used in Plaintiff's dryers and sold the capacitors to Plaintiff. (*Id.* ¶¶ 17-21)  Plaintiff's complaint alleges six claims for relief: (1) negligent misrepresentation, (2) fraudulent misrepresentation, (3)

breach of implied warranty, (4) violation of the Delaware Consumer Fraud Act, (5) negligent manufacture of a defective product, and (6) tortious interference with a contract (specifically, a contract between Epcos AG and Plaintiff) (*see* D.I. 1 ¶¶ 103-10)).

## II.   LEGAL STANDARDS

### A.   Motion to Dismiss for Failure to State a Claim

Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to accept as true all material allegations of a complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, the Court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks omitted).

However, "[t]o survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and quotation marks omitted)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element"

of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).

The Court is not obligated to accept as true "bald assertions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted), "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996).

**B.      Motion to Dismiss for Failure to Join a Necessary and Indispensable Party**

Pursuant to Federal Rule of Civil Procedure 12(b)(7), a party may seek dismissal for failure to join a party under Rule 19. In deciding whether to grant such a dismissal, the Court must first determine whether the party is a necessary party under Rule 19(a). *See generally Refractories Co. v. First State Ins. Co.*, 500 F.3d 306, 312 (3d Cir. 2007). A party is necessary if, in the absence of the party, (1) complete relief cannot be afforded to the present parties, (2) the disposition of the action would impair the party's ability to protect its own interest, or (3) any of the present parties would be subject to a substantial risk of multiple or inconsistent obligations. *See* Fed. R. Civ. P. 19(a). If the party is necessary under Rule 19(a), the party must be joined, if joinder is feasible. If joinder is necessary, but infeasible, the Court must then determine whether the party is "indispensable" under Rule 19(b). This inquiry requires a balancing of the interests of the plaintiff, the defendant, the absent party, the courts, and the public. *See Feriozzi Co. v. Ashworks, Inc.*, 130 Fed. Appx. 535, 538-39 (3d Cir. 2005) (citing *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 109-11 (1968))). If an absent party is indispensable, the Court must dismiss the action. *See Gen. Refractories Co.*, 500

F.3d at 312. The movant bears the burden of establishing that dismissal is appropriate based on the failure to join an indispensable party. *See Camacho v. Major League Baseball*, 297 F.R.D. 457, 461 (S.D. Cal. 2013); *see also Cephalon, Inc. v. Watson Pharm., Inc.*, 629 F. Supp. 2d 338, 346 (D. Del. 2009).

## III.   DISCUSSION

### A.   Motion to Dismiss for Failure to State a Claim

#### 1.   Breach of Implied Warranty

Plaintiff "attempts to state a third-party claim under the Delaware Uniform Commercial Code ('U.C.C.') for a breach of the implied warranty of fitness for a particular purpose." (D.I. 7 at 12) (citing D.I. 1 ¶¶ 80-88) This code section of the U.C.C. states: "A seller's warranty whether express or implied extends to any *natural person* who may reasonably be expected to use, consume or be affected by the goods and who is injured by breach of the warranty. A seller may not exclude or limit the operation of this section." Del. Code Ann. tit. 6, § 2-318 (West 2016) (emphasis added). Defendant argues that Plaintiff cannot state a claim for relief under this code section because Plaintiff is not a natural person. The Court agrees with Defendant.

In *S&R Associates, L.P. v. Shell Oil Co.*, 725 A.2d 431, 438 (Del. Super. 1998), the Court considered whether business organizations could sue under § 2-318 and determined that they could not. *See id.* (analyzing legislative history and concluding that code section did not support claims for relief by business entities); *see also id.* ("While it may be desirable to extend warranty protection beyond natural persons, this change in policy should be made by the Legislature rather than the Court."). The Court predicts that the Delaware Supreme Court would agree with the analysis in *S&R Associates* and concludes, therefore, that Plaintiff cannot state a claim for relief

under § 2-318. *See Salve Regina Coll. v. Russell*, 499 U.S. 225, 241 (1991) (explaining that, with respect to questions of law "where the state law is unsettled," a District Court must "try to predict how the highest court of that State would decide the question.").

Accordingly, the Court grants Defendant's Motion to dismiss Plaintiff's implied warranty claim (D.I. 1 ¶¶ 80-88) and dismisses this claim with prejudice.

### 2.    Remaining Claims

Plaintiff's remaining claims are dismissed without prejudice due to Plaintiff's failure to adequately allege agency relationships between DuPont and any entities under its direction or control. DuPont avers that the allegedly defective batches of Zytel were produced by DuPont China and sold by DuPont India. (D.I. 7 at 4) Plaintiff's claims in its amended complaint should allege any necessary agency relationships between DuPont (the parent) and its subsidiaries sufficient to show that DuPont should be liable for any actions of its subsidiaries. The Court is not deciding at this time whether or not the facts currently in Plaintiff's complaint would be sufficient to state claims for relief if sufficient agency relationship(s) were alleged.

### B.    Motion to Dismiss for Failure to Join a Necessary and Indispensable Party

Discovery regarding the corporate relationships between DuPont and its subsidiaries, and regarding the involvement of the Epcos entities (Epcos AG and Epcos India), may uncover information relevant to Defendant's Motion under Rule 12(b)(7). Thus, the Court denies Defendant's Motion under Rule 12(b)(7) without prejudice to renew after conclusion of the limited discovery described in this Order.

HON. LEONARD P. STARK
UNITED STATES DISTRICT COURT