# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARÇELIK, A.Ş., | ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 15-961-LPS ) ) |
| E. I. DU PONT DE NEMOURS AND COMPANY, | ) ) |
| Defendant. | ) |

### DEFENDANT'S MOTION FOR THE ISSUANCE OF LETTERS OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION ON THE TAKING OF EVIDENCE ABROAD AND THE INDIAN CODE OF CIVIL PROCEDURE

Defendant E. I. du Pont de Nemours and Company ("DuPont") respectfully moves this Court to execute and issue the attached Letters of Request (Exhibits B–D) requesting International Judicial Assistance in Germany and India pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Evidence Convention") and the Indian Code of Civil Procedure, directed to the authorities herein to compel the production of documents and/or testimony by entities and individuals within those jurisdictions. DuPont has discussed this motion with Arcelik pursuant to D. Del. LR 7.1.1, and Arcelik does not oppose the relief sought in this Motion, except that Arcelik has reserved the right to object to the scope of documents requested. In support of this Motion, DuPont states as follows:

1. Plaintiff Arçelik, A.Ş. ("Arcelik") has asserted claims against DuPont alleging negligent misrepresentation, violation of the Delaware Consumer Fraud Act, 6 *Del. C.* § 2511 *et seq.*, negligent manufacture of a defective product, and tortious interference with a contract. (D.I. 19). Arcelik, an appliance manufacturer, claims that a DuPont product, Zytel® FR50, was "defective" and caused electrical fires in its consumer clothes dryers. (*Id.* ¶ 3). But Arcelik did

not purchase and incorporate Zytel® FR50 into its dryers directly.  Rather, it purchased electric capacitors from a German manufacturer, EPCOS A.G. ("EPCOS"), now known as TDK Electronics AG,[1] which included a component that happened to be manufactured using Zytel® FR50.  (*Id.* ¶ 16).  EPCOS and the capacitors it manufactured are the only connection in the Amended Complaint between Zytel® FR50 and Arcelik's dryer fires.

2.	Despite EPCOS' central involvement in Arcelik's claims,[2] Arcelik chose not to sue EPCOS.  Nor did Arcelik sue EPCOS India Private Limited ("EPCOS India"), now known as TDK India Private Limited, the Indian entity through which EPCOS obtained Zytel® FR50.  Instead, Arcelik elected to sue DuPont in ***Delaware***, despite the fact that most if not all of the documents and witnesses relating to the manufacture and sale of the electric capacitors (*i.e.*, the ***only*** connection between Arcelik's dryers and Zytel® FR50) are located in Germany and India.  As a result of Arcelik's litigation strategy, DuPont is left without the ability to subpoena documents in the possession of EPCOS and EPCOS India that are necessary to probe, among other issues: (1) whether the design or manufacture of the electric capacitors had a role in the alleged fires; and (2) the extent to which Arcelik relied on or even cared about the use of Zytel® FR50 in EPCOS' electric capacitors.  Accordingly, DuPont seeks the Court's assistance in obtaining evidence from EPCOS and EPCOS India through international discovery procedures, as both entities possess evidence that is necessary to DuPont's defense of these claims.

3.	"A party which seeks the application of the Hague Evidence Convention procedures rather than the Federal Rules of Civil Procedure bears the burden of persuading the trial court of the necessity of proceeding pursuant to the Hague Evidence Convention." *Cosmo Techs. Ltd. v.*

---

[1]	It appears that EPCOS changed its name to TDK Electronics AG on or about August 30, 2018.

[2]	Indeed, Arcelik references EPCOS twelve times in its Amended Complaint. (*See* D.I. 19 ¶¶ 16–18, 20, 23, 42, 107–12).

*Actavis Labs. FL, Inc.*, C.A. No. 15-164-LPS, 2016 WL 4582498, at *1 (D. Del. Aug. 31, 2016) (internal alterations omitted) (quoting *Tulip Computers Int'l B.V. v. Dell Computer Corp.*, 254 F. Supp. 2d 469, 474 (D. Del. 2003)). "Judges in this District have stated that this burden is 'not great' because the 'Convention procedures are available whenever they will facilitate the gathering of evidence by the means authorized in the Convention.'" *Id.* (quoting *Tulip Computers*, 254 F. Supp. 2d at 474).

4. Because EPCOS manufactured the product that Arcelik alleges caused its damages (D.I. 19 ¶ 16), EPCOS possesses evidence relating to Arcelik's negligent manufacture claim, including the design of EPCOS capacitors and the testing that EPCOS performed on its capacitors and components thereto. Additionally, Arcelik has stated that it believed that Zytel® FR50 was an "essential element" of the EPCOS capacitors it purchased based in part on testing and technical information provided by an EPCOS entity. (Arcelik Response to Interrogatory No. 5, attached hereto as Exhibit A, at p. 17). Accordingly, EPCOS also has evidence relating to Arcelik's negligent misrepresentation and related claims.

5. EPCOS, which is not a party to this action, is located in Germany and is therefore outside the Court's jurisdiction. Accordingly, DuPont cannot serve a subpoena on EPCOS pursuant to the Federal Rules of Civil Procedure. Instead, DuPont must use Hague Evidence Convention procedures to compel the testimony of an EPCOS representative. DuPont respectfully requests that the Court issue a Letter of Request in the form attached hereto as Exhibit B and the certified German translation attached hereto as Exhibit C.

6. Additionally, the parties' discovery to date has suggested that EPCOS obtained Zytel® FR50 through its subsidiary, EPCOS India. Accordingly, EPCOS India has evidence relating to Arcelik's negligent manufacture claim, including the design of EPCOS capacitors and

3

the testing that EPCOS performed on its capacitors and components thereto.  Additionally, Arcelik has stated that it believed that Zytel® FR50 was an "essential element" of the EPCOS capacitors it purchased based in part on testing and technical information provided by an EPCOS entity, presumably EPCOS India.  (Ex. A, Arcelik Response to Interrogatory No. 5, at p. 17).  Accordingly, EPCOS India also has evidence relating to Arcelik's negligent misrepresentation and related claims.

7. EPCOS India, which is not a party to this action, is located in India and is therefore outside the Court's jurisdiction.  Accordingly, DuPont cannot serve a subpoena on EPCOS India pursuant to the Federal Rules of Civil Procedure.  Instead, DuPont must use procedures pursuant to the Indian Code of Civil Procedure to seek the production of evidence in EPCOS India's possession.  DuPont respectfully requests that the Court issue a Letter of Request in the form attached hereto as Exhibit D.[3]

8. In an effort to obtain the evidence it seeks expeditiously, DuPont will serve a subpoena on TDK U.S.A. Corporation, a New York corporation believed to be an EPCOS affiliate.  To the extent TDK U.S.A. Corporation is able and willing to provide the requested documents and testimony, DuPont will withdraw its Requests as to EPCOS and EPCOS India.

9. Because the entities to whom the Letters of Request are directed reside in either Germany or India, DuPont seeks the attached Letters of Request so that it may obtain evidence necessary for its defense in this action.  This evidence is relevant and not obtainable through any other discovery method, unless TDK U.S.A. Corporation is willing to provide them.  Thus, the Letters of Request are necessary.  Accordingly, DuPont respectfully requests that the Court issue

---

[3] No translation is required for the Indian Letter of Request, as Indian courts require that documents be submitted in English.

the attached Letters of Request. DuPont further requests that the Clerk of Court authenticate the Court's signature under the seal of this Court and that the executed and authenticated Letters of Request be returned by the Clerk to DuPont's counsel for delivery to the proper authorities for execution.

WHEREFORE, DuPont respectfully requests that the Court grant the Motion for the Issuance of Letters of Request for International Judicial Assistance Pursuant To The Hague Convention on the Taking of Evidence Abroad and the Indian Code of Civil Procedure, and execute and issue the attached Letters of Request.

|  |  |
|---|---|
| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |
|  | By: */s/ John A. Sensing* |
| Peter L. Haviland | Somers S. Price, Jr. (No. 279) |
| BALLARD SPAHR LLP | John A. Sensing (No. 5232) |
| 2029 Century Park East, Suite 800 | Jennifer Penberthy Buckley (No. 6264) |
| Los Angeles, CA 90067 | Hercules Plaza, 6th Floor |
| Tel: (424) 204-4400 | 1313 N. Market Street |
| havilandp@ballardspahr.com | Wilmington, DE 19801 |
|  | Tel: (302) 984-6000 |
|  | sprice@potteranderson.com |
|  | jsensing@potteranderson.com |
|  | jbuckley@potteranderson.com |
| Dated: June 28, 2019 | *Attorneys for Defendant E. I. du Pont de Nemours and Company* |
| 5942051 / 20120-740 |  |